**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 15 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLK

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

H.H. FRANCHISING SYSTEMS, INC.,

      Plaintiff,

      v.

AT HOME HELPERS LLC, TERRA
BOYKIN, and AMANDA DERRICK,

      Defendants.

Case No. ___3:23-cv-00251 KGB___

This case assigned to District Judge ___BAKER___
and to Magistrate Judge___HARRIS___

## COMPLAINT

Plaintiff H.H. Franchising Systems, Inc. ("HHFS"), by its attorneys and for its Complaint against defendants AT Home Helpers LLC, Terra Boykin, and Amanda Derrick, states as follows:

## INTRODUCTION

1.     HHFS is the national franchisor of the franchised network of Home Helpers® home care businesses operating throughout the country, including West Memphis, Arkansas. HHFS and its franchisees have been continuously advertising and providing various home care services under HHFS's federally registered trade names and trademarks, including Home Helpers®, for more than two decades.

2.     HHFS recently discovered that defendants—who have no association with HHFS—have started an independent home care service business that advertises and provides the same, or substantially similar, home care services in and around West Memphis, Arkansas under the confusingly similar name "AT Home Helpers."

1

3.      HHFS notified defendants of their unauthorized infringement and demanded that they take corrective action on two separate occasions, but defendants have ignored each request and continued their infringing conduct.

4.      As a result, HHFS now seeks from this Court preliminary and permanent injunctive relief prohibiting defendants from continuing to infringe upon HHFS's marks and unfairly competing with HHFS and its franchisees in violation of the Lanham Act, as well as damages resulting from defendants' infringing conduct and its costs and expenses, including attorneys' fees.

## PARTIES

5.      Plaintiff HHFS is an Ohio corporation with its principal place of business in Ohio.

6.      Defendant AT Home Helpers LLC ("AHH") is an Arkansas limited liability company with its principal place of business in Tyronza, Arkansas.

7.      Defendant Terra Boykin is an Arkansas citizen and resident and member of AHH.

8.      Defendant Amanda Derrick is an Arkansas citizen and resident and member of AHH.

## JURISDICTION AND VENUE

9.      The Court has original subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338 in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks. The Court also has supplemental jurisdiction of the state law claims asserted under 28 U.S.C. § 1367(a) because those claims are so related to the claims of which the Court has federal question jurisdiction that they form part of the same case or controversy.

10.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district and one or more defendants reside in this judicial district.

## BACKGROUND FACTS

### The Home Helpers® Franchise System

11.     HHFS is the national franchisor of the network of franchised Home Helpers® home care businesses operating throughout the United States, including West Memphis, Arkansas.

12.     Since 1997, HHFS has been granting franchises to qualified persons to establish and operate Home Helpers® home care businesses under written franchise agreements with HHFS, together with a limited license to use HHFS's trade names and trademarks, as well as HHFS's trade secrets and proprietary system and methods for the operation of a Home Helpers® home care business.

13.     HHFS's more than 200 franchised businesses provide various senior care, home care, and skilled care services, which include, among others, homemaker, companion care, personal care, home healthcare, geriatric care management, and skilled medical services.

### The Home Helpers® Name and Trademarks

14.     To identify the source, origin, and sponsorship of the Home Helpers® home care services, and to distinguish these services from those established, offered, and sold by others, HHFS and its authorized franchisees have extensively used certain trademarks, service marks, trade names, logos, emblems, commercial symbols, and indicia of origin, including but not limited

to the "Home Helpers®" mark and related marks (the "Home Helpers Marks"), in connection with the operation of authorized Home Helpers® home care businesses.

15.     The Home Helpers Marks are owned by HHFS. It licenses the Home Helpers Marks to its authorized franchisees for use solely in connection with their operation of franchised Home Helpers® home care businesses operated pursuant to written franchise agreements with HHFS.

16.     The Home Helpers Marks are registered on the Principal Register of the United States Patent and Trademark Office (Registration Numbers 2,202,376, 4,028,326, 4,028,631, 4,619,763, and 5,896,722).

17.     The registration of the Home Helpers Marks continues in full force and effect.

18.     HHFS has given notice to the public of the registration of the Home Helpers Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that it and its authorized franchisees remain the exclusive users of the Home Helpers Marks.

19.     HHFS and its authorized franchisees have continuously used the Home Helpers Marks in interstate commerce in connection with the operation of Home Helpers® home care businesses and the promotion, offer, and sale of the services they offer throughout the United States since the date of their registration.

20.     HHFS and its authorized franchisees have extensively advertised and promoted the Home Helpers Marks and the services offered in association with those marks throughout the United States and through various media. As a result of such efforts and the substantial amounts spent in connection therewith, the services offered by HHFS's franchisees under the Home Helpers Marks have been met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

## Defendants' Infringement on the Home Helpers Marks

21.     HHFS's authorized franchisee for the territory servicing West Memphis, Arkansas recently informed HHFS about a competitor operating under the confusingly similar name "AT Home Helpers."

22.     HHFS's subsequent investigation revealed that defendants created AHH on or about April 21, 2022.

23.     Upon information and belief, by February 2023 defendants had also created a website for AHH available at https://myathomehelpers.com (the "Website").

24.     The Website advertises AHH's "team of skilled healthcare professionals" who are "dedicated to providing personalized care in the comfort of [the customers'] home." It further lists numerous home care services provided by AHH, all of which overlap with the services provided by authorized HHFS franchisees.

25.     The Website advertises these services under a domain name with "home helpers" in it. Moreover, each page of the Website contains the following logo, which prominently features the name "Home Helpers":



26.     HHFS, through its in-house counsel, sent a letter to defendants informing them of their infringing conduct and demanding corrective action.

27.     HHFS, through the undersigned counsel, then sent a second letter threatening this litigation if defendants did not take corrective action to cease their infringing conduct.

28.    Defendants ignored both letters.

29.    As of the date of filing, the Website continues to advertise defendants home care services under the confusingly similar "AT Home Helpers" name and logo.

30.    Upon information and belief, defendants continue to advertise and provide home care services identical or substantially similar to those services provided by HHFS and its authorized franchisees under the confusingly similar "AT Home Helpers" name.

31.    Consumers in the West Memphis market have been confused by defendants' infringing conduct. At least one consumer has contacted HHFS's authorized franchisee in that market believing that franchisee to be the owner and operator of defendants' business.

## COUNT I – TRADEMARK INFRINGEMENT

32.    HHFS repeats and realleges the allegations of ¶¶ 1 through 31 of its Complaint as and for this ¶ 32, as if fully set forth herein.

33.    Defendants' acts, practices, and conduct constitute an infringing use in interstate commerce of the Home Helpers Marks and have caused and are likely to continue to cause consumer confusion and deceive the public in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34.    Defendants' misconduct has been, and continues to be, knowing and willful.

35.    As a direct and proximate result of defendants' trademark infringement, HHFS has suffered and, unless defendants' infringement is enjoined, will continue to suffer actual, substantial, and irreparable harm, including, without limitation, diminution in the value of the Home Helpers Marks, diminution in the value of its goodwill and reputation, and incalculable lost revenues and profits.

36.     HHFS has no adequate remedy at law because the Home Helpers Marks are unique and represent to the public HHFS's identity, reputation, and goodwill, such that damages alone cannot fully compensate HHFS for defendants' misconduct.

37.     Unless enjoined by the Court, defendants will continue to use and to infringe the Home Helpers Marks to HHFS's irreparable injury. This threat of future injury to HHFS's business, identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued use of the Home Helpers Marks, and to ameliorate and mitigate HHFS's injuries.

38.     Because defendants' actions have been committed willfully and with the intent to profit from HHFS's goodwill, this is an exceptional case, and HHFS is entitled to recover all gains, profits, and advantages derived by defendants as a result of their trademark infringement, to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, including treble damages, attorneys' fees, and costs.

## COUNT II – UNFAIR COMPETITION

39.     HHFS repeats and realleges the allegations of ¶¶ 1 through 31 of its Complaint as and for this ¶ 39, as if fully set forth herein.

40.     Defendants' acts, practices, and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristic, qualities, or geographic origin of the parties' services, and commercial activities, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Defendants' misconduct has been, and continues to be, knowing and willful.

42.     As a direct and proximate result of defendants' unfair competition, HHFS has suffered and, unless their infringement and unfair competition is enjoined, will continue to suffer

actual, substantial, and irreparable harm, including, without limitation, diminution in the value of the Home Helpers Marks, diminution in the value of and damage to its goodwill and reputation, and incalculable lost revenues and profits.

43.    HHFS has no adequate remedy at law because the Home Helpers Marks are unique and represent to the public HHFS's identity, reputation, and goodwill, such that damages alone cannot fully compensate HHFS for defendants' conduct.

44.    Unless enjoined by the Court, defendants will continue to compete unfairly with HHFS to its irreparable injury. This threat of future injury to HHFS's business, identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued unfair competition, and to ameliorate and mitigate its injuries.

45.    Because defendants' actions have been committed willfully and with the intent to profit from HHFS's goodwill, this is an exceptional case, and HHFS is entitled to recover all gains, profits, and advantages derived by defendants as a result of their unfair competition, to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, including treble damages, attorneys' fees, and costs.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

46.    HHFS repeats and realleges the allegations of ¶¶ 1 through 31 of its Complaint as and for this ¶ 46, as if fully set forth herein.

47.    Through HHFS's prior and continuous use of the Home Helpers Marks, the Home Helpers Marks have become widely known and identified by the public as the provider of senior care, home care, and skilled care services under the Home Helpers Marks.

48.    Through its prior and continuous use of the Home Helpers Marks in commerce, HHFS is the exclusive holder of common law rights in the Home Helpers Marks.

49. Defendants have used and continue to use the Home Helpers Marks without permission, authorization, or license from HHFS.

50. Defendants' acts, practices, and conduct constitute an infringing act upon the Home Helpers Marks and unfair competition by using the Home Helpers Marks and/or confusingly similar marks. Defendants' acts, practices, and conduct have caused, continue to cause, and are likely to cause confusion or mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristic, qualities, or geographic origin of the parties' services, and commercial activities.

51. HHFS has no adequate remedy at law because the Home Helpers Marks are unique and represent to the public HHFS's identity, reputation, and goodwill, such that damages alone cannot fully compensate HHFS for defendants' conduct.

52. Unless enjoined by the Court, defendants will continue to use and to infringe the Home Helpers Marks and unfairly compete with HHFS to HHFS's irreparable injury. This threat of future injury to HHFS's business, identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued use of the Home Helpers Marks, and to ameliorate and mitigate HHFS's injuries.

53. Defendants' misconduct has been, and continues to be, knowing and willful.

54. Because defendants' actions have been committed willfully and with the intent to profit from the Home Helpers Marks and/or HHFS's goodwill, HHFS is entitled to recover all gains, profits, and advantages derived by defendants as a result of their trademark infringement and unfair competition, to the full extent provided by the common law of the State of Arkansas, including treble damages, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, HHFS respectfully prays for the following relief:

A.      A preliminary and permanent injunction enjoining defendants and their respective agents, servants, and employees, and those people in active concert or participation with defendants, from:

           1.      Using any of the Home Helpers Marks or any trademark, service mark, logo, or trade name that is confusingly similar to the Home Helpers Marks, including, but not limited to, "AT Home Helpers";

           2.      Causing a likelihood of confusion or misunderstanding as to their affiliation, connection, or association with HHFS, HHFS's franchisees, or with any of the services offered by them;

           3.      Unfairly competing with HHFS or its franchisees in any manner; and

           4.      Otherwise infringing on the Home Helpers Marks or using any similar designation, alone or in combination with any other components.

B.      An order that defendants file with the Court and serve upon HHFS's counsel within ten days after entry of any injunction issued herein, a sworn written report setting forth in detail the manner in which it has complied with such injunction;

C.      An order that defendants, jointly and severally, account and pay over to HHFS all gains, profits, and advantages derived as a result of their infringement on the Home Helpers Marks and unfair competition to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117 and/or the laws of the State of Arkansas;

D.      An order that defendants, jointly and severally, pay to HHFS such damages as it has sustained by reason of defendants' trademark infringement and unfair competition, and that, because of the willful nature of said infringement and unfair competition, the Court enter judgment

in HHFS's favor in an amount equal to three times the amount of said damages and HHFS's reasonable attorneys' fees, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117 and/or the laws of the State of Arkansas;

      E.      Judgment in favor of HHFS and against defendants, jointly and severally, in amounts to be proved at trial; and

      F.      Such other and further relief as the Court deems just and proper.

Dated: December 15, 2023              Respectfully submitted,

**H.H. FRANCHISING SYSTEMS, INC.**

By: s/ *Paul W. Waddell*

Paul D. Waddell (ABN 87179)
**WADDELL COLE & JONES, PLLC**
310 East Street, Suite A
P.O. Box 1700
Jonesboro, AR 72403
Tel: (870) 336-8234
Fax: (970) 91-1800
pwaddell@wcjfirm.com

-and-

Aaron-Michael Sapp (*admission forthcoming*)
Charles J. Hoover (*admission forthcoming*)
**CHENG COHEN LLC**
363 W. Erie Street, Suite 500
Chicago, IL 60654
Tel.: (312) 243-1701
Fax: (312) 277-3961
asapp@chengcohen.com
charles.hoover@chengcohen.com