IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

H.H. FRANCHISING SYSTEMS, INC.                                                      PLAINTIFF

v.                                         Case No. 3:23-cv-00251 KGB

AT HOME HELPERS LLC, *et al.*                                                    DEFENDANTS

### ORDER

Before the Court is defendants At Home Helpers LLC, Amanda Derrick, and Terra Boykin's motion to extend time (Dkt. No. 7). Defendants represent that they have been unable to find representation (*Id.*). Defendants request an extension of relevant deadlines (*Id.*).

Federal Rule of Civil Procedure 12 requires a defendant to answer or otherwise respond to a complaint within 21 days of service unless service has been waived under Rule 4(d). Fed. R. Civ. P. 12(a)(1)(A). The Court notes that the record in this matter does not contain a waiver of service, answer, or other response to the complaint filed by defendants. However, the record does include returns of service for all defendants indicating service on December 18, 2023 (Dkt. Nos. 3–5). Under Federal Rule of Civil Procedure 12, if defendants were served on December 18, 2023, defendants were required to file an answer or otherwise respond to the complaint by January 8, 2024.

As a business entity, defendant At Home Helpers LLC cannot move forward in this lawsuit without representation. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (citing 28 U.S.C. § 1654); *Greater St. Louis Const. Laborers Welfare Fund v. A.L.L. Const., LLC*, Case No. 4:06-cv-988, 2007 WL 4233544, *1 (E.D. Mo. Nov. 28,

2007) (noting that limited liability company cannot proceed *pro se*). Therefore, defendant At Home Helpers LLC must retain counsel in this matter or risk being subject to a default judgment. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

The Court directs defendant At Home Helpers LLC to obtain counsel and for that counsel to enter an appearance in this action within 30 days from the entry of this Order, up to and including February 16, 2024.

Separate defendants Ms. Derrick and Ms. Boykin shall also have 30 days from the entry of this Order, up to and including February 16, 2024, to notify the Court by written filing as to whether they have obtained new counsel or intend to proceed *pro se*. As separate defendants Mr. Derrick and Ms. Boykin are currently proceeding *pro se*, they are directed to Local Rule 5.5(c)(2), which provides:

> Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

The Court, on its own motion, stays this matter for 30 days, until February 16, 2024. Absent good cause shown, the stay shall lift automatically on February 16, 2024, and this action will proceed without further orders of the Court being necessary. Defendants shall have up to and including March 1, 2024, to answer or otherwise respond in this matter.

It is so ordered this 17th day of January, 2024.

                                                          Kristine G. Baker  
                                                          United States Chief District Judge